IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **ANTOINETTE MARIE WILLIAMS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | Civ. No. MJM-22-2523 |
| v. | * | |
| | * | |
| **CARRINGTON MORTGAGE SERVICES,** *et al.*, | * | |
| | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff Antoinette Williams ("Plaintiff"),[1] pro se, commenced this civil action against defendants Carriage Mortgage Services, LLC ("CMS"), Bank of America Corp. ("BAC"), and Bank of America, N.A. ("BANA") (collectively, "Defendants") alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.* ("ECOA"), and the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* ("FHA"). Am. Compl., ECF 38 ("Am. Compl."). Currently pending are defendant CMS's Motion to Dismiss (ECF 43) and defendants BANA and BAC's Motion to Dismiss (ECF 39) (the "Motions").[2] The

---

[1] Although Plaintiff claims to bring the suit alongside her family, ECF 38, ¶ 1, and uses plural pronouns in her filings, she is the only plaintiff named in her pleading and, therefore, will be referred to in the singular.

[2] Also pending are Plaintiffs' Motions for Extension of Time to Respond, ECF 47 & 51, which shall be denied as moot. First, Plaintiff's request for an extension of time in the motion filed at ECF 47 was unnecessary. Plaintiff filed her opposition to CMS's Motion to Dismiss within the 28 days permitted by the Rule 12/56 notice the Court issued on December 7, 2023. *See* ECF 44 & 49. And Plaintiff filed her opposition to BANA and BAC's Motion to Dismiss within the period permitted by the Court's Order granting her prior motion for extension of time. *See* ECF 45 & 46. Second, the motion Plaintiff filed at ECF 51 is not a motion for extension of time at all, but is properly construed as a motion for leave to file a surreply, which this Court granted. *See* ECF 51 & 53.

Motions are fully briefed and ripe for disposition. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons stated below, the Motions will be granted.

I.   **BACKGROUND**[3]

On August 29, 2008, Plaintiff purchased a property in Laurel, Maryland. Am. Compl., ¶ 9. The property was subsequently refinanced, and, on May 19, 2009, a new deed of trust was executed against the property in the amount of $255,424. *Id.* ¶¶ 10, 11; ECF 39-5 (2009 Deed of Trust). Plaintiff alleges that this refinancing occurred without her knowledge and used her signature from the 2008 purchase. Am. Compl. ¶ 11.[4] Plaintiff filed for Chapter 7 bankruptcy in 2016 and, again, in 2021. ECF 39-9 (2016 Bankruptcy Proceeding Records); ECF 39-10 (2021 Bankruptcy Proceeding Records). BAC is BANA's parent corporation. ECF 39, n. 1.

On July 3, 2018, BANA assigned the deed of trust to CMS. *Id.* ¶ 30; ECF 39-7 (Assignment of Deed of Trust from BANA to CMS). On April 7, 2022, CMS appointed William M. Savage, Gregory N. Britto, and Wayne Anthony Holman as substitute trustees. ECF 43-6 (Appointment of Substitute Trustees). On April 12, 2022, the substitute trustees initiated foreclosure proceedings against Plaintiff. ECF 43-7 (Order to Docket Foreclosure). On March 16, 2023, the Circuit Court of Maryland for Prince George's County ratified the sale of the property. ECF 39-3 (Foreclosure Proceeding Records). On October 16, 2023, the Circuit Court closed the foreclosure action. *Id.*

---

[3]   This factual background is drawn from the Amended Complaint and those exhibits attached to the Motions that are matters of public record. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F. 3d 176, 180 (4th Cir. 2009) (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004)) (court may consider matters of public record when reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

[4]   Plaintiff also alleges that on September 7, 2011, the deed of trust was assigned to BANA without her knowledge. Am. Compl. ¶¶ 13, 22. This allegation appears to be inconsistent with Plaintiff's earlier claim that BANA was the originator of the deed of trust, Am. Compl. ¶ 10, as well as with the deed of trust itself, *see* 2009 Deed of Trust with BANA, ECF 39-5.

On April 18, 2022, Plaintiff filed her initial Complaint in the Circuit Court for Prince George's County. ECF 2. On October 4, 2022, CMS removed the case to the U.S. District Court for the District of Maryland. ECF 1. On November 9, 2023, Plaintiff filed an Amended Complaint against all Defendants alleging violations of the TILA (Counts One and Three), the FHA (Counts Two and Four), and the ECOA (Count Five). ECF 38. Plaintiff alleges that Defendants failed to notify her of the refinancing of her mortgage in 2009 and the assignment of her mortgage in 2011, based on her race and sex, which Plaintiff contends amounted to and/or caused violations the FHA, TILA, and ECOA. *Id*. ¶¶ 22–38.

On November 21, 2023, BANA and BAC filed a Motion to Dismiss the Amended Complaint, ECF 39, and CMS filed a Motion to Dismiss the Amended Complaint on December 6, 2023, ECF 43. On December 27, 2023, Plaintiff filed responses in opposition to the Motions. ECF 48 & 49. BANA and BAC filed a reply in support of their Motion. ECF 50. Plaintiff requested leave to file a surreply to respond to the reply, which this Court granted. ECFs 51 & 53. Plaintiff filed a surreply, ECF 54, to which BANA and BAC responded, ECF 56.

## II.   STANDARD OF REVIEW

Under Rule 8(a)(2) of Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may file a motion to dismiss a complaint for failure to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to

state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A complaint need not include "detailed factual allegations," but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555–56 (internal quotation marks omitted).

Pro se pleadings are construed more generously, but courts may not ignore a clear failure by a pro se plaintiff to allege facts setting forth a cognizable claim. *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980) (citations omitted). Federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 10 (2014) (per curiam). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (cleaned up). When considering a Rule 12(b)(6) motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### III.  ANALYSIS

#### A.  Statute of Limitations

Plaintiff's claims must be dismissed because they are time barred under the applicable statutes of limitations. FHA claims are subject to a two-year statute of limitations. 42 U.S.C. §

3613(a)(l)(A). The limitations period begins to run on the date of the occurrence or termination of a discriminatory housing practice. *Id.*; *see also Stokes v. JPMorgan Chase Bank, NA*, Civ. No. JFM-11-2620, 2012 WL 527600, at *7 (D. Md. Feb. 16, 2012). TILA claims are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e). ECOA claims are subject to a five-year statute of limitations. *Id.* § 1691e(f). Plaintiff filed her initial Complaint on April 18, 2022, ECF 2, well after the statutes of limitations ran for any claims arising from the execution of the deed of trust and mortgage refinancing in May 2009 or the assignment of the deed of trust to CMS on September 7, 2011. *See* Am. Compl. ¶¶ 9–13.

Plaintiff invokes the discovery rule, claiming to be "blamelessly ignorant" of her causes of action. ECF 48 at 3; ECF 49 at 5. Under the discovery rule, a statute of limitations "does not begin to run until the time the plaintiff discovers, or through the exercise of due diligence, should have discovered, the injury." *Miller v. Pac. Shore Funding*, 224 F. Supp. 2d 977, 986 (D. Md. 2002) (quoting *Frederick Rd. Ltd. P'ship v. Brown & Sturm*, 756 A.2d 963, 973 (Md. 2000)). "[T]he discovery rule contemplates actual knowledge . . . or awareness implied from knowledge of circumstances which ought to have put a person of ordinary prudence on inquiry (thus, charging the individual) with notice of all facts which such an investigation would in all probability have disclosed if it had been properly pursued." *Poffenberger v. Risser*, 431 A.2d 677, 681 (Md. 1981) (citation omitted). It is only knowledge of the facts, however, that triggers the discovery rule—not knowledge of the law. *See Miller*, 224 F. Supp. 2d at 986 ("Knowledge of the law is presumed.") (citation omitted).

Here, Plaintiff states that she hired a forensic investigator in late 2020 in response to "statements made by Defendant Carrington[5] in the [] 2016 bankruptcy, and other subsequent

---

[5]     The Court presumes that Plaintiff intends to refer to BANA here because BANA was party to the 2016 bankruptcy, and the deed of trust was not assigned to CMS until 2018. *See* 2009 ECF 39-5 (Deed of

events . . . ." ECF 48 at 2; ECF 49 at 4. The 2016 bankruptcy was initiated on March 3, 2016, and was finalized on August 18, 2016. ECF 39-9 (2016 Bankruptcy Proceeding Records). Even accepting, *arguendo*, that Plaintiff could not have known about the alleged violations prior to the 2016 bankruptcy, Plaintiff offers no explanation for waiting over four years to inquire into the facts of her mortgage and refinancing. If it was the 2016 bankruptcy proceeding that first put Plaintiff on notice, then the filing of the initial Complaint on April 18, 2022, still would have been well after all applicable statutes of limitations had run.

Accordingly, Plaintiffs' claims are time barred and must be dismissed.

**B. Res Judicata**

Plaintiff's claims are also subject to dismissal because they are barred by res judicata.

Res judicata, also known as claim preclusion, is a legal doctrine that promotes judicial efficiency and the finality of decisions. *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 325 (4th Cir. 2004); *see also Hogans v. Charter Comms., Inc.*, 563 F. Supp. 3d 464, 472 (E.D.N.C. 2021) (citations omitted). Under the doctrine, a final judgment on the merits in an earlier decision precludes the parties, and those in privity with them, from relitigating issues that were raised or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (citations omitted). When litigants in federal court assert that a state court judgment has preclusive effect, "[the] federal court must give to [the] state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see also Clodfelter v. Republic of Sudan*, 720 F.3d 199, 207 n.10 (4th Cir. 2013) (citations omitted).

---

Trust with BANA); ECF 39-7 (2018 Assignment of Deed of Trust from BANA to CMS); ECF 39-9 (2016 Bankruptcy Proceeding Records).

Under Maryland law, res judicata provides grounds for dismissal if a defendant establishes that: "(1) the parties in the present litigation are the same or in privity with the parties to the earlier action; (2) the claim in the current action is identical to the one determined in the prior adjudication; and (3) there was a final judgment on the merits in the previous action." *Bank of N.Y. Mellon v. Georg*, 175 A.3d 720, 725 (Md. 2017). A claim is "identical" to an earlier one if the second suit arises out of the same transaction or series of transactions as the original. *Boyd v. Bowen*, 806 A.2d 314, 325 (Md. Ct. Spec. App. 2002) (citing *FWB Bank v. Richman*, 731 A.2d 916, 928 (Md. 1999)). Maryland courts "bar[] not only those claims brought in the original litigation, but also other claims that *could have been brought* in the original litigation." *Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp. 3d 676, 683 (D. Md. 2018) (emphasis added) (citation omitted); *see also Meekins v. United Transp. Union*, 946 F.3d 1054, 1057 (4th Cir. 1991) ("Not only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.") (quoting *Peugeot Motors of Am., Inc. v. E. Auto Distrib., Inc.*, 892 F.2d 355, 359 (4th Cir. 1989)).

The disposition of the foreclosure action in 2023 precludes the claims asserted in this case. The first element of res judicata is satisfied because the parties to the instant litigation are the same as, or in privity with, the parties to the earlier foreclosure action.[6] *See* Am. Compl.; ECF 39-5; ECF 39-7; ECF 43-6; ECF 39-3. Courts find original and substitute trustees to be in privity. *See Anyanwutaku v. Fleet Mortg. Grp., Inc.*, 85 F. Supp. 2d 566, 571 (D. Md. 2000), *aff'd*, 229 F.3d

---

[6] Even assuming BAC is a proper defendant, it would be in privity with BANA, its subsidiary. *See Whitehead v. Viacom*, 233 F. Supp. 2d 715, 721 (D. Md. 2002), *aff'd sub nom. Whitehead v. Viacom, Inc.*, 63 F. App'x 175 (4th Cir. 2003).

7

1141 (4th Cir. 2000) ("Although the actual parties to the foreclosure action are not the same in both suits, those who were substituted are in privity with those named in the original suit."). The second element is also satisfied because the present case and the foreclosure action arise out of the same transaction: the foreclosure of Plaintiff's property. *See* Am. Compl.; ECF 39-3. Finally, the third element is satisfied because the state court entered a final judgment on the merits by ratifying the sale of Plaintiff's property in the foreclosure action on March 16, 2023. *Id.* at 5. Under Maryland law, the ratification of the sale of property constitutes a final judgment. *See Proctor*, 289 F. Supp. 3d at 684.

Because Plaintiff could have asserted her claims in the prior foreclosure action, res judicata bars her from doing so in the instant suit. *See Anyanwutaku*, 85 F. Supp. 2d at 572 (collecting cases where courts have found a foreclosure proceeding to have preclusive effect); *Fairfax Sav., F.S.B. v. Kris Jen Ltd. P'ship*, 655 A.2d 1265, 1275 (Md. 1995) ("Today, however, nothing in the Maryland Rules of Procedure prohibits a mortgagor who voluntarily appears in a mortgage foreclosure proceeding from filing a counterclaim.").

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motions to Dismiss are granted, and Plaintiff's Amended Complaint shall be dismissed with prejudice.

A separate Order shall issue.

Date: September 30, 2024                              /S/
                                                 Matthew J. Maddox
                                                 United States District Judge